# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ROBERT EDWARD FIEDLER,**

        **Plaintiff,**

**v.**                                    **Case No:   6:18-cv-962-Orl-41KRS**

**WELLS FARGO N.A.,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

        This cause came on for consideration without oral argument on the following motion filed herein:

| MOTION: | MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS (Doc. No. 22) |
|---|---|
| FILED: | August 14, 2018 |

        Plaintiff filed a document titled "Objection to Referral to Magistrate Judge" in this case. Doc. No. 17.  In the document, he objected to the case being referred to a Magistrate Judge to exercise jurisdiction over the case pursuant to 28 U.S.C. § 636(c)(1).  *Id.*  On August 7, 2018, I entered an Order striking the Objection because it is inappropriate for a party to unilaterally inform the Court of its position regarding Magistrate Judge consent.  Doc. No. 18.  On August 15, 2018, Plaintiff filed a notice of appeal, stating his intention to appeal the Order striking his Objection. Doc. No. 21.  With his notice of appeal, Plaintiff filed a motion for permission to appeal *in forma pauperis*, which has been referred to me.  Doc. No. 22.

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."   Additionally, an application to appeal *in forma pauperis* may be denied "if it appears – objectively – that the appeal cannot succeed as a matter of law."   *DeSantis v. United Techs. Corp.*, 15 F. Supp. 2d 1285, 1289 (M.D. Fla. 1998), *aff'd without opinion*, 193 F.3d 522 (11th Cir. 1999) (citations omitted).

Subject to certain limited exceptions, the court of appeals only has jurisdiction to hear final decisions of the district courts.   28 U.S.C. §§ 1291, 1292.   "[A] decision is not final, ordinarily, unless it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."   *Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 204 (1999) (internal quotations omitted).   Because the court of appeals will not have jurisdiction, an appeal of a non-final order is not taken in good faith unless it qualifies as an appealable interlocutory order under either 28 U.S.C. § 1292 or the collateral order doctrine.   *Cf. Cunningham*, 527 U.S. at 202-04.   *See also Jackson v. Grimes*, No. 6:05-cv-1643-ORL-19KRS, 2006 WL 3842091, at *1 (M.D. Fla. Dec. 8, 2006); *Bethel v. City of Daphne*, Civil Action No. 06-0626-KD-B, 2006 WL 3834274, at *2 (S.D. Ala. Dec. 27, 2006) ("Since it is apparent that appellate jurisdiction is lacking over this interlocutory matter, the undersigned concludes that plaintiffs' appeal of the November 3, 2006 order is without arguable merit as a matter of law [and] . . . that it is not taken in good faith.").

In the present action, my Order striking Plaintiff's Objection to Magistrate Judge jurisdiction was not a final order.   Far from ending the litigation on the merits, the Order had no effect on the case at all.   Neither this case nor any motions filed in this case have been referred to a Magistrate Judge for disposition under 28 U.S.C. § 636(c).   And Plaintiff's consent is not required for the presiding District Judge to refer a pretrial matter to a Magistrate Judge or to refer a dispositive matter to a Magistrate Judge for the issuance of a Report and Recommendation.   *See* 28 U.S.C. § 636(b);

Local Rule 6.01. Plaintiff has not requested leave to appeal under § 1292, and he presents no basis to conclude that an appeal is appropriate under the collateral order doctrine. Accordingly, the request for permission to appeal *in forma pauperis* is premature.

Because Plaintiff's notice of appeal is not related to an appealable final order or otherwise appealable, I respectfully recommend that the Court **DENY** the motion, **CERTIFY** that the appeal is not taken in good faith, and **DIRECT** the Clerk of Court to serve a copy of the Court's ruling on this Report and Recommendation on the Clerk of Court for the United States Court of Appeals for the Eleventh Circuit.

<u>**NOTICE TO PARTIES**</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on August 17, 2018.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy